UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **EDCV 22-1386 JGB (SPx)** | Date **June 26, 2024** |
| Title ***Robertson's Ready Mix, Ltd., et al. v. Gregory M. Edwards, et al.*** | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present    None Present

**Proceedings:    Order to Show Cause (IN CHAMBERS)**

On August 5, 2022, Plaintiffs Robertson's Ready Mix, Ltd., RRM Properties, Ltd., and Robertson's Transport, Ltd. (collectively, "Robertson's") and MCC Development Corporation ("MCCD," and collectively with Robertson's, "Plaintiffs") filed their complaint. ("Complaint," Dkt. No. 1.) On October 13, 2022, Plaintiffs filed their first amended complaint against defendants Gregory M. Edwards, Robert E. Matje; Mervyn Y. Encarnacion; Donald H. Rubidoux; Stephen R. Whitworth; John T. Smith; Jerry E. Edwards; Denise Campos; Juan Campos; Vince Y. Encarnacion; Anthony A. Edwards; Michael A. Edwards; Leonel Incharrigui; Western Staffing Solutions, LLC; Western Commercial Landscaping and Sweeping, LLC d/b/a Team Sweep; Wolfpack Transport, LLC; Coball, LLC; IFR Global, LLC; Surkart Equipment, LLC; Van Buren Materials, LLC; Kingston Part Supply, LLC d/b/a Rocketline Parts; Universal Tire Supply, LLC; Pacifica Aggregates, LLC; All Seasons Comfort Heating and Air Conditioning, LLC; California Aggregates, LLC; Western Investments, LLC; OP Investments, LLC; Rye, LLC; Peggy Sue Consulting, LLC; MIR Investments, LLC; Petra Smith Group, LLC; and Does 1–50. ("FAC," Dkt. No. 43.)

On November 11, 2022, defendants Robert E. Matje ("Matje") and John T. Smith ("Smith") filed a motion to compel arbitration. ("Matje MCA," Dkt. No. 119.) Also on November 11, 2022, Defendant Mervyn Y. Encarnacion ("M. Encarnacion") filed a motion to compel arbitration. ("M. Encarnacion MCA," Dkt. No. 120.) Also on the same day, Defendant Donald H. Rubidoux ("Rubidoux") filed a motion to dismiss the FAC, or in the alternative, to compel arbitration and stay proceedings pending arbitration. ("Rubidoux MTD," Dkt. No. 121.)

On December 5, 2022, Defendant Peggy Sue Consulting, LLC ("Peggy Sue") filed a motion to dismiss the FAC.  ("Peggy Sue MTD," Dkt. No. 129.)  Also on December 5, 2022, Defendant Vince Y. Encarnacion ("V. Encarnacion") filed a motion to compel arbitration.  ("V. Encarnacion MCA," Dkt. No. 131.)  On December 7, 2022, Defendant Gregory M. Edwards ("G. Edwards") filed a motion to compel arbitration.  ("G. Edwards MCA," Dkt. No. 132.)  On December 12, 2022, defendants Jerry E. Edwards ("J. Edwards") and Western Investments, LLC ("Western Investments") filed a motion to dismiss the FAC.  ("J. Edwards MTD," Dkt. No. 135.)  On December 15, 2022, Defendant G. Edwards filed a notice of joinder in the J. Edwards MTD.  ("G. Edwards Joinder," Dkt. No. 140.)

On March 2, 2023, Court: (1) denied the V. Encarnacion MCA and G. Edwards MCA; (2) granted the Matje MCA, M. Encarnacion MCA, and Rubidoux MTD only as to arbitration; (3) compelled defendants Matje, Smith, M. Encarnacion, and Rubidoux to arbitration; (4) deferred ruling on the Peggy Sue MTD, J. Edwards MTD, and G. Edwards Joinder; (5) stayed the case pending the outcome of any arbitration proceedings; and (6) ordered the parties to file a status report with the Court within 60 days following the entry of its order explaining whether an extension of the stay was warranted.  ("Arbitration Order," Dkt. No. 193.)

On May 1, 2023, Defendants M. Encarnacion, V. Encarnacion, and Rye, LLC (collectively, "Defendants") filed a status report.  (Dkt. No. 194.)  On the same day, Plaintiffs filed a status report.  (Dkt. No. 195.)  Plaintiffs explain that the parties are waiting for a procedure to exchange strike lists to appoint an arbitrator.  (Id.)  The next day, May 2, 2023, defendant Rubidoux filed a status report and asserted that the parties are in the process of selecting the method by which an arbitrator is selected.  (Dkt. No. 196.)  On June 30, 2023, the Court extended the stay and ordered parties to file a joint status report within 60 days.  (Dkt. No. 197.)

On August 29, 2023, Plaintiffs filed a status report and requested that the Court lift the stay.  (Dkt. No. 198.)  On September 1, 2023, the Court denied Plaintiffs request, extended the stay and ordered the parties to file a joint status report within 60 days.  (Dkt. No. 199.)  On October 31, 2023, parties filed a joint status report in which they explain that the arbitration is ongoing—parties request the stay remain in effect for 90 days.  (Dkt. No. 208.)  On November 28, 2024, the Court extended the stay and ordered the parties to file a joint status report no later than 90 days after the entry of the order.  (Dkt. No. 209.)

On February 26, 2024, the parties filed a joint status report and requested that the stay remain in effect for 90 days.  (Dkt. No. 210.)  The parties have not filed a subsequent status report.  The Court **ORDERS** the parties to file a joint status report no later than **July 5, 2024** explaining whether an extension of the stay is warranted.

    **IT IS SO ORDERED.**